# L I C H T E N   &   L I S S - R I O R D A N ,   P. C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×Δ◊
SARAH SCHALMAN-BERGEN▪
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×
_____
THOMAS P. FOWLER×◊
OLENA SAVYTSKA×
ANNE KRAMER×Δ
MICHELLE CASSORLA×^☼
ZACHARY RUBIN×◊^♦
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON^▪
BENJAMIN J. WEBER×☐ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116

TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

_____

× ADMITTED IN MASSACHUSETTS
Δ ADMITTED IN CALIFORNIA
◊ ADMITTED IN NEW YORK
▪ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☼ ADMITTED IN DISTRICT OF COLUMBIA
☐ ADMITTED IN TENNESSEE

December 4, 2021

**VIA CM/ECF**
Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
Courtroom 1105
New York, NY 10007

RE:   **In Re: IBM Arbitration Agreement Litigation**, C.A. No. 21-CV-6296 (JMF)
        **In Re: Second Wave IBM Arbitration Litigation**, C.A. No. 21-CV-9574 (JMF)

Dear Judge Furman:

As you are aware, these cases challenge IBM's use of its arbitration agreement to attempt to block former employees bringing age discrimination claims under the ADEA from sharing information with one another to support their claims in arbitration (both cases) and also to attempt to block employees from pursuing such age discrimination claims altogether if they did not file their claim within 180/300 days of their separation from IBM (first wave case).

Our firm represents 25 former employees in the first wave case before you and 49 former employees in the second wave case.  In addition, we represent hundreds of additional employees pursuing age discrimination claims against IBM in arbitration.

For the 49 employees in the second wave case, we have asked the arbitrators in those cases to stay the claims in arbitration while Your Honor considers Plaintiffs' motion for summary judgment.[1]  We are also asking arbitrators in hundreds of additional arbitration cases to stay the claims pending the Court's ruling on our motion.  Most of

_____

[1]     We have filed the motion for summary judgment in the first wave cases (Dkt. 28, 37) and intend to file a similar (if not identical) motion in the second wave cases (which would just address the confidentiality provision in IBM's arbitration clause).

# LICHTEN & LISS-RIORDAN, P.C.

these cases raise the issue of whether IBM's arbitration agreement can waive the "piggybacking" rule, and thus the question of whether the claimants can pursue their claims at all may turn on the Court's ruling in our pending motion.[2]

What we have done is exactly what IBM itself has argued would be the proper procedure for challenging a provision in its arbitration agreement.  In IBM's opposition to Plaintiffs' motion for summary judgment, IBM argued that plaintiffs could seek declaratory relief from a court challenging provisions of IBM's arbitration agreement "***before or during their arbitrations***, as '[c]ourts in this district have routinely . . . stay(ed) arbitration proceedings on a temporary basis as necessary'".  In re IBM Arbitration Litigation, C.A. No. 21-cv-6296 (S.D. N.Y. Nov. 8, 2021) (Dkt. 48), at 18 (emphasis added) (citing Dylan 140 LLC v. Figueroa, No. 19-CV-02897, 2019 WL 2235884, at *1 (S.D.N.Y. May 14, 2019)).

However, despite acknowledging that this is the proper procedure for raising challenges to provisions in its arbitration agreement, IBM has opposed our requests to stay the arbitrations.[3]  We now find ourselves arguing before hundreds of arbitrators whether the cases should be stayed.[4]  This is an unnecessary and massive waste of time and resources.

---

[2]     Because it seems evident that the Court's order will impact these other cases in arbitration, we have not filed cases in court for all of the additional hundreds of former employees we are representing in arbitration.  We could do that if needed, but such a process would appear burdensome and unnecessary and would further clog the Court's docket (and require payment of numerous additional filing fees).  We did file the second wave cases, however, based upon IBM's arguments at the time that the Court's ruling in the first wave cases would not have any impact on arbitration claimants who were not themselves before the Court.

[3]     IBM is even seeking sanctions from arbitrators against our clients and firm for even filing these arbitrations.  IBM is seeking these sanctions, even though it has argued that the proper way for claimants to challenge provisions in its arbitration agreement is to seek a court order ***"before or during their arbitrations"*** and ask the Court to stay the arbitrations.  In re IBM Arbitration Litigation, C.A. No. 21-cv-6296 (Dkt. 48), at 18 (emphasis added).

[4]     A number of arbitrators have requested full briefing on the question of whether there should be a stay.  Some arbitrators have indicated their interest in knowing what the federal court will do, that is hearing our challenges to these provisions of IBM's arbitration agreement.

# LICHTEN & LISS-RIORDAN, P.C.

We thus request that Your Honor enter an order staying the cases in arbitration for which we have requested stays, which will be impacted by the Court's ruling on our motion for summary judgment.  Again, this is the process that IBM itself has said is the proper one to follow when arbitration claimants seek to challenge provisions of IBM's arbitration clause.

Thank you for your consideration.

Sincerely,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

*Attorney for Plaintiffs William Chastka, et al,*
*Sharon Gilmore, et al*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2021, a true and accurate copy of the foregoing document was filed via this Court's CM/ECF system.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

Defendant shall file any response no later than **December 9, 2021**.

SO ORDERED.

December 6, 2021