UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
IN RE:                                                                              :        21-CV-9574 (JMF)
:
SECOND WAVE IBM ARBITRATION AGREEMENT   :        MEMORANDUM OPINION
LITIGATION                                                            :              AND ORDER
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 4, 2021, Plaintiffs in these consolidated cases filed a letter motion seeking entry of an order staying certain arbitration proceedings. *See* ECF No. 7.

To the extent that Plaintiffs seek such relief with respect to arbitration proceedings to which they themselves are not parties, the request is denied for lack of standing. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jordan*, No. 17-CV-199 (RGA), 2017 WL 1536396, at *3 (D. Del. Apr. 27, 2017) (holding that the plaintiffs did "not have standing to seek injunctive relief" with respect to a pending arbitration because they were not parties to the arbitration); *Kakawi Yachting, Inc. v. Marlow Marine Sales, Inc.*, 215 F. Supp. 3d 1259, 1264 (M.D. Fla. 2014) (holding that the plaintiff "lack[ed] standing" to enjoin an arbitration to which it was not a party); *Embarq Retiree Med. Plan. v. Berolzheimer*, No. 08-CV-4045 (WTH), 2009 WL 112790, at *2 (N.D. Ill. Jan. 14. 2009) ("Since [plaintiffs] are not parties to the arbitration and no relief is requested from them, they do not have standing to enjoin the arbitration.").

To the extent that Plaintiffs seek such relief with respect to their own arbitration proceedings, the request is denied on the merits. For starters, Plaintiffs failed even to make an effort in their initial letter motion to demonstrate how the stay factors would support such emergency relief. Plaintiffs belatedly take a stab in their reply letter, *see* ECF No. 14 ("Pls.' Reply"), but it is well established that a party may not make, and a court need not consider, arguments for the first time in reply, *see, e.g.*, *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993); *Simon v. City of New York*, No. 14-CV-8391 (JMF), 2015 WL 2069436, at *2 n.4 (S.D.N.Y. May 4, 2015). In any event, Plaintiffs fail to demonstrate that they would suffer irreparable harm in the absence of a stay. As Defendants note, Plaintiffs are "free to use the discovery process in their arbitrations to seek any relevant evidence, including that obtained by other claimants in other confidential arbitrations." ECF No. 13, at 4. And contrary to Plaintiffs' assertions, there is no danger of "inconsistent rulings" in any given case — particularly given the availability of judicial review following any decisions by the arbitrators. Pls.' Reply 6.

Accordingly, Plaintiffs' letter motion for a stay is denied. The Clerk of Court is directed to terminate ECF No. 7.

SO ORDERED.

Dated: December 14, 2021
       New York, New York                   _____
                                                            JESSE M. FURMAN
                                                            United States District Judge